[No. 20107. Department Two. January 8, 1927.]

# C. L. CORFMAN, *Respondent*, v. GEORGE W. DeLAPE et al., *Appellants*.[1]

[1] PHYSICIANS AND SURGEONS (10-1)—MALPRACTICE—NEGLIGENCE—EVIDENCE—SUFFICIENCY. The evidence is insufficient to show negligence by a dentist in the treatment of a tooth where it appears that the treatment was correct, the result not unusual, and the patient failed to return as instructed upon soreness developing, when the trouble could have been remedied in a few minutes.

[2] EVIDENCE (186)—OPINION EVIDENCE—BODILY APPEARANCE OR CONDITION. An opinion of one dentist that soreness in the gum when a dummy tooth was inserted was due to infection must fall before the undisputed X-ray testimony showing that it was due to another physical fact.

[3] APPEAL (385)—REVIEW—PARTIES ENTITLED—ESTOPPEL—ERROR INVITED. In an action for the contract price of dental services, error cannot be predicated on the fact that the defendant was liable only for the reasonable value, where defendant's counsel objected to any instructions allowing recovery for a reasonable value, shown by the evidence to be equal to the contract price.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered April 14, 1926, upon the verdict of a jury in favor of the plaintiff, in an action on contract. Affirmed.

*McCarthy, Edge & Lantz*, for appellants.
*Cannon & McKevitt*, for respondent.

ASKREN, J.—The plaintiff sued to recover upon a contract for dental services at an agreed value of five hundred dollars. The defendants answered admitting certain services, but denied any agreed value and set up by cross-complaint a charge of unskilful and negligent work, and alleged damages in the sum of one thousand six hundred dollars.

[1]Reported in 251 Pac. 873.

After hearing the evidence, the trial court took from the jury the question of negligence under the cross-complaint, and submitted only the question of whether there was a contract for an agreed price of five hundred dollars. The jury returned a verdict for the plaintiff, and upon judgment being entered the defendants appeal.

[1] It is first contended that the court erred in refusing to submit to the jury the question of negligence. The evidence showed that the respondent removed the root of a tooth and inserted a false, or dummy, tooth in its place. The appellant charged that the socket was infected and that it was improper and unskilful to insert the dummy in the gum before the infection had cleared. It appeared that, after the work was performed, soreness developed, pus was present, and that a little later another dentist removed the dummy tooth, finding much pus. From this it is argued that the socket was infected from the beginning. The X-ray picture that was taken before the dummy was removed showed what all of the doctors who testified concerning the picture said was a piece of the bone process which had become dislodged at or soon after the root was removed, and they testified that it undoubtedly caused the formation of pus. They also testified that such results were not unusual, and that it was good practice to insert the dummy in the gum as was done in this case, and that if any trouble developed the patient should notify the dentist. The respondent testified that he told the patient to return if there was any trouble and she testified to the same effect.

The testimony shows also that the removal of the piece of bony process could be accomplished in a very few moments and without trouble.

The patient having failed to return, as instructed, upon soreness developing, the method of treatment

used being one in ordinary and common use and approved by experts, it seems clear to us that no liability is established. There was no dispute as to the correctness of the method used and, under the facts established, there was no issue for the jury to consider.

[2] It seems to be contended that an issue was made for the determination of the jury by the testimony of the doctor who removed the dummy and who testified that it had pus therein. Answering a hypothetical question which assumed soreness in the gum at the time the dummy was inserted, and at all times thereafter until removed by him, he stated that it was his opinion that the soreness was caused by infection which was present in the gum at the time the dummy was inserted. However, in contradiction thereof, all the other doctors testified that the X-ray picture showed the spicula or piece of bony process. It is very plain and can be seen even by one not an expert in such matters. There was no evidence offered to contradict this evidence. It seems clear to us that the mere opinion of appellant's doctor must fall before the evidence of the undisputed physical facts disclosed by the X-ray. An opinion as to what has caused a result certainly can be of no probative value, when confronted with the physical facts which show without dispute what actually did cause the result complained of. If there was any dispute as to whether the X-ray showed the spicula, or whether the spicula, if shown, was the cause of the infection, then an issue would be created. As we have seen there was none here.

[3] It is also urged that the community cannot he held for the contract price of the services in question, but only for the reasonable value thereof, and that the court erred in instructing the jury upon that question. While there was some evidence from which the jury might infer that the husband was present at

the time the price was agreed upon, it becomes immaterial in the face of the record here. The respondent offered evidence of the reasonable value of the services and the amount was placed by his witnesses at five hundred dollars. Those of appellant placed it much lower. Before instructing the jury, respondent's counsel asked the court to instruct the jury that if they found there was no express contract for the services, then the respondent could recover the reasonable value thereof. Counsel for appellant objected thereto and prevented the submission of that issue to the jury. Error predicated thereon cannot avail appellant now.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, MACKINTOSH, and BRIDGES, JJ., concur.